IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ROCKPORT COMPANY, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>E.S. ORIGINALS, INC.<br><br>            Defendant. | CIVIL ACTION NO. 04-12714-WGY |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant, E.S. Originals, Inc. ("ESO"), submits the following statement of material facts as to which it contends there is no genuine dispute:

1. In October 2001, ESO and Plaintiff, The Rockport Company, LLC ("Rockport"), entered into a license agreement ("Agreement" or "Agr,"). This Agreement, Ex. A to Declaration of Shalom In Support of Defendant's Motion for Summary Judgment ("Shalom Dec."), was amended a number of times.

2. The Agreement gave Rockport an exclusive license for certain Rockport marks for children's footwear. (Agr., ¶¶ 3, 32(b)).

3. ESO assumed an obligation to pay royalties for each "Contract Year" on a quarterly basis based upon a percent of its sale of goods under the license. However, the Agreement required certain minimum royalties to be paid to Rockport for each Contract Year. (Agr., ¶¶ 11, 12).

4. Amendment 3 to the Agreement, set the minimum royalties and payment schedule as follows:

> January 1, 2002      $58,333.33
> April 1, 2002         $58,333.33
> July 1, 2002          $58,333.33
> October 1, 2002       $58,333.33

| | |
|---|---|
| January 1, 2003 | $58,333.33 |
| April 1, 2003 | $58,333.33 |
| July 1, 2003 | $175,000 |
| October 1, 2003 | $175,000 |
| January 1, 2004 | $175,000 |
| April 1, 2004 | $175,000 |
| July 1, 2004 | $337,500 |
| October 1, 2004 | $337,500 |
| January 1, 2005 | $337,500 |
| April 1, 2005 | $337,500 |

(Agr., Amendment 3, ¶ 3)

5.      The Agreement allowed Rockport to terminate the Agreement if ESO failed to achieve 80% of certain minimum sales.  (Agr. ¶ 37).  These minimum sales were set by Amendment 3 to the Agreement as follows:

| | |
|---|---|
| 7/1/03 to 6/30/04 | $10,000,000 |
| 7/1/04 to 6/30/05 | $15,000,000 |

(Agr., Amendment 3, ¶6).

6.      ESO's right of termination was limited to the situation in which Rockport "breaches any of its other representations, warranties or obligations under this Agreement" upon notice and continuing breach at the end of the notice period.  (Agr., ¶ 34).

7.      The Agreement provides:

Payments upon Expiration or Termination.  If this Agreement expires or is terminated for any reason before all payments hereunder have been made (including Guaranteed Minimum Royalties for the Contract Year in which such expiration or termination occurs), Licensee shall immediately thereafter submit a report and pay to Rockport any remaining unpaid balance for the Contract Year in which such expiration or termination occurs, even though the due date therefore has not yet occurred, and for any prior Contract Years.

(Agr., ¶ 15).

8.      The Agreement further provides:

Automatic Expiration or Termination of License.  The License shall automatically expire or terminate upon the expiration or termination of this Agreement for any reason.  Subject only to Section 25, upon such expiration or termination, Licensee shall immediately cease all use of the

License and shall, at Rockport's request, take all steps and actions as Rockport may deem necessary to reflect or confirm such expiration or termination and surrender of Licensee's rights to use same.  Licensee shall not be entitled to any compensatory payment upon such expiration, termination or surrender for any reason.

(Agr., ¶ 39).

9. After the Agreement took effect, ESO did not have sufficient consumer support to reach the minimum sales targets set forth in paragraph 37 of the Agreement (even as amended). (Shalom Dec. at ¶5).

10. In late 2003, ESO determined that it was not sound business practice to continue paying minimum royalties, since the sales of products under the Agreement were below the levels justifying the minimum royalty payments.  (Shalom Dec. at ¶¶ 6, 7).

11. In an effort to end its obligations under the Agreement in an amicable manner, ESO contacted Rockport to discuss the difficulties in ESO's performance of under the Agreement. (Shalom Dec. at ¶8).

12. Rockport appeared to have accepted ESO's business decision, and, as early as October, 2003, Rockport was requesting ESO's help in the transition of the product line to Rockport's new licensee, BBC International, Ltd.  (Shalom Dec. at ¶10).

13. Pursuant to paragraph 37 of the Agreement, Rockport terminated the Agreement on January 12, 2004.  (Ex. B to Shalom Dec.).

14. Thereafter, ESO continued to assist in the transition of the Rockport kid's line to Rockport's new licensee and ESO also sold off its remaining inventory of products under the Agreement.  (Shalom Dec. at ¶¶ 11, 13).

15. Following Rockport's termination of the Agreement, ESO sold off all remaining inventory by the end of the sell off period set by Rockport.  (Shalom Dec. at ¶13; Ex. B)

16.     ESO also paid the minimum royalties through June 30, 2004 (the second Contract Year). (Shalom Dec. at ¶14).

17.     Rockport's sales under the Agreement in the first and second Contract Years did not reach levels that required royalty payments beyond the minimum royalties.  (Shalom Dec. at ¶6).

18.     Following Rockport's termination of the Agreement, Rockport demanded of ESO payment of royalties for the third Contract Year.  (Shalom Dec. at ¶15; Ex. C).

Date:  March 16, 2005                           Respectfully submitted,

                                                E.S. ORIGINALS, INC.

                                                by its attorneys,


                                                    /s/ Laura Topper
                                                James J. Foster, Esq. BBO #553285
                                                jfoster@wolfgreenfield.com
                                                Laura Topper, Esq.  BBO #652364
                                                ltopper@wolfgreenfield.com
                                                WOLF, GREENFIELD & SACKS, P.C.
                                                600 Atlantic Avenue
                                                Boston, Massachusetts 02210
                                                Tel: (617) 646-8000
                                                Fax: (617) 646-8646