UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
THE ROCKPORT COMPANY, LLC,                  )
                    Plaintiff,              )
                                            )
v.                                          )   Civil Action No. 04-12714-WGY
                                            )
E. S. ORIGINALS, INC.,                      )
                    Defendant.              )
_____)

PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY
RELATED TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, The Rockport Company, LLC ("Rockport"), hereby opposes the above referenced Motion by defendant, E. S. Originals, Inc. ("ESO"). As grounds for this Opposition, and as set forth fully below, ESO's Motion should be denied because (i) it does not comply with Local Rule 7.1 and (ii) is untimely.

## INTRODUCTION AND BACKGROUND

On or about March 16, 2005, ESO filed a Motion for Summary Judgment and related materials. In opposition, Rockport's primary contention is that ESO either ignorantly or disingenuously made arguments to counter positions *not* taken by Rockport and never addressed Rockport's actual claims, such as that ESO breached the contract at issue "by failing to 'aggressively design, develop, manufacture, market, advertise, promote, merchandise, sell and service the Licensed Products in the Territory.'" Complaint ¶ 10.

While ESO should not have been at all surprised by Rockport's position, even if it was, ESO was put on notice of that position on or about March 30, 2005, when Rockport filed and served its Opposition and related materials. Nevertheless, ESO waited until April 22, 2005 – the

Friday afternoon before the Tuesday oral argument on the Summary Judgment Motion, to serve Rockport with a Motion for Leave to File Reply and a proposed Reply Memorandum.

## ARGUMENT

**I.     ESO's Motion For Leave To File A Reply Memorandum Should Be Denied For Failing To Comply With Local Rule 7.1**

Local Rule 7.1(2) mandates that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." In this case, the only reference to Rule 7.1 on ESO's Motion is the statement that "I certify that *opposing counsel was contacted to discuss this motion*. Opposing counsel stated that Rockport opposes ESO's filing of a reply brief and will oppose this Motion." [Emphasis added.] As this statement indicates, however, all that was discussed was whether Rockport would assent to the filing of a Reply Memorandum; ESO's counsel never even attempted to confer "in good faith to resolve or narrow the issue[s]" that might be raised by that Reply Memorandum.

This Court considers a failure to at least *attempt* to narrow or resolve the dispute to be particularly serious because the court should not have to expend its energies to resolve a matter "when the parties have not sufficiently expended their own." Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996). Indeed, Rule 7.1 is of sufficient importance to impose sanctions when a party does not comply because "there are too many demands on the Court's time for the Court to have to deal with motions which would not have been filed if counsel had put forth a little more effort to resolve differences." Stornaiuolo v. New Hampshire Boat Builders, Inc., 113 F.R.D. 655, 658 (D. Mass. 1987) (discussing Local Rule 16(d) which also has a requirement that the parties must confer in advance in a good faith effort to narrow areas of disagreement).

Actions similar to those of E.S.O. have been found to be violations of the requirement to confer in good faith before filing a motion. For example, the District Court of New Hampshire

denied the defendants' motion for a protective order when it was shown that counsel for defendants faxed plaintiffs' counsel at noon asking for assent to the motion, with an ultimatum requiring a response by two o'clock.  <u>In re Tyco Int'l Ltd. Securities Litigation</u>, MDL No. 00-MD-1335-B, 2001 U.S. Dist. LEXIS 819, at *2-3 (D.N.H. 2001) (analyzing Local Rule 7.1(c) which is almost identical to this Court's Local Rule 7.1(a)(2)).  Despite a responsive fax by plaintiffs at two o'clock signaling their willingness to meet and confer, the defendants filed the motion, an 18-page memorandum, and a 23-page appendix at four o'clock that afternoon without speaking with plaintiffs' counsel.  <u>Id.</u> at *2-3.  After reviewing these facts, the court held that "defense counsel certainly could not certify that they had made a 'good faith' attempt at concurrence."  <u>Id.</u> at *3.  The court further characterized defendants' certification of compliance with the local rule as a "sham," and stated that "'[l]unch time' and 'late day' ultimatums are sharp practices which are not consistent with a 'good faith' attempt to obtain concurrence."  <u>Id.</u> at *3.  The defendants' motion was denied as a sanction for failing to comply with the local rules.  <u>Id.</u> at *4.  If a fax followed by a four hour wait is not considered a <u>good faith</u> attempt to confer prior to filing a motion, then ESO's bald request for an assent to their Motion without attempting to discuss what would be contained in the Reply Memorandum cannot be considered a <u>good faith</u> attempt to confer either.

   To the extent that ESO belatedly contends that (i) its noncompliance should be excused because "nothing would have changed" had it complied with Rule 7.1 any such contention would not justify its conduct.  First, it is not at all clear whether or either party's position would have changed had ESO made the requisite effort to have a real, substantive dialogue.  Moreover, the Rule does not allow the moving party to avoid engaging in the requisite conference if it subjectively believes that no progress would be made – nor should such an exception be endorsed

by the Court, as this plainly would result in the Rule rapidly becoming ineffective, if not completely obsolete.

**II.    ESO's Motion For Leave To File A Reply Memorandum Should Be Denied Because It Presents The Same Arguments That It Did Or Should Have Made In Connection With The Initial Filing In Support Of Its Motion For Summary Judgment**

While ESO's Motion asserts that "[t]he Reply responds to arguments set forth by Plaintiff in its Opposition and further clarifies Defendant's Position," Rockport believes that all of the arguments made in the Reply Memorandum are a re-hash of ESO's prior misguided contentions and/or very slight variations that should have been made initially.  Because Rockport's counsel was not served with the Reply until Friday afternoon and wanted to have this Opposition filed as early as possible, any further substantive response will be made at the oral argument, scheduled to take place tomorrow.

## CONCLUSION

For all of the reasons discussed above, Rockport respectfully requests that the Court deny ESO's Motion and refuse to consider the contentions contained in its Reply Memorandum. While ESO may argue that this is overly harsh, "[t]he purpose of sanctions … is not merely to penalize violations of court procedures, but also to ***deter future*** violations ***by other parties*** ….'" U.S. v. Kouri-Perez, 187 F.3d 1, 23 n.4 (1st Cir. 1999) (quoting John's Insulation, Inc. v. L. Addison and Assocs., Inc., 156 F.3d 101, 110 (1st Cir. 1998)).  See also Jones v. Winnepesaukee Realty, 990 F.2d 1, 18 (1st Cir. 1993) ("Deterrence is a widely recognized basis for determining the amount of a monetary sanction"); Anderson v. Beatrice Foods, Inc., 900 F.2d 388, 395 (1990) ("sanctions may be a useful tool in vindicating the court's authority, reminding those who need reminding of the protocol, and ensuring orderliness in the judicial process.").

5

        Respectfully submitted,

        **THE ROCKPORT COMPANY, LLC**
        By its attorneys


        /s/ Shepard Davidson
        Shepard Davidson, Esq. (BBO#557082)
        Victoria L. Walton, Esq. (BBO #650999)
        Burns & Levinson LLP
        125 Summer Street
        Boston, MA 02110
        (617) 345-3000
        sdavidson@burnslev.com
        vwalton@burnslev.com

Dated:  April 25, 2005